PER CURIAM.
In this appeal we construe language in an insurance policy. The circuit court ordered the appellant to pay for certain nursing home expenses pursuant to an insurance policy that the appellant claimed the policy did not cover because of certain exclusionary language. We agree with the appellant that the instant policy excluded such coverage and reverse.
The policy at issue provided payment for expenses incurred for skilled nursing home care. Any loss occurring within 180 days of the policy’s effective date and resulting from a pre-existing condition was excluded from coverage.[1] A pre-existing condition was defined as “any condition that first manifested itself prior to the Policy Date.” This definition reiterated that “[l]oss due to pre-existing conditions is not covered within 180 days following the Policy Date.” The following provision is contained under General Provisions, Part F, Time Limit on Certain Defenses: “No claim for loss incurred after 180 days from the Policy Date shall be reduced or denied because a sickness or injury existed prior to the Policy Date.” The policy’s effective date was February 15, 1991.
On February 12, 1991, three days before the policy date, the elderly appellee fell and fractured her leg. After a period of hospitalization, she was admitted to a nursing home for recuperation and subsequently released. Approximately a month after being discharged from the nursing home, she was readmitted to it. The parties agree that this subsequent nursing home confinement was not on account of the prior fracture but merely due to her deteriorating condition because of advanced age. Her readmission to the nursing home was still within the first 180 days after the policy’s effective date. This second confinement is the loss for which the circuit court ordered the appellant to pay.
The provision of the policy which we find controlling on this issue is Part D, titled “SUCCESSIVE PERIODS OF NURSING CARE.” It provides: “Successive periods of skilled and intermediate nursing care will be considered one period of care unless separated by at least 180 days during which you receive no skilled, intermediate, or custodial *666 nursing care.” The circuit court erred in ordering the appellant to pay for any period before 180 days had passed since the policy date.
The language of the policy is clear and unambiguous. The policy language anticipated that if there were successive periods of nursing home care less than 180 days apart the cause of the successive confinement was irrelevant; these successive periods would be considered one period if separated by less than 180 days. Furthermore, and by reason of the pre-existing condition exclusion, unless any such period occurred at least 180 days after the policy’s effective date, there would be no coverage for any period before 180 days from the policy’s effective date. Since the 180-day point was not reached until August 15, 1991, under Part F of the policy, it was error for the trial court to order the appellant to pay for any loss incurred prior to that date.
Reversed and remanded for further proceedings in accord with this opinion.
DANAHY, A.C.J., and CAMPBELL and HALL, JJ., concur.

. The exact language on page one of the policy provided: "PRE-EXISTING CONDITION LIMITATIONS: This policy does not cover loss that occurs within 180 days after the Policy Date and which results from a pre-existing condition."